```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO

CARANA, INC., D/B/A/ CARMEN
CHIRINO BOUTIQUE,
                                       Civil No. 07-2230 (JAF)
     Plaintiff,

     v.

JOVANI FASHION, LTD., et al.,

     Defendants.
```

**OPINION AND ORDER**

Plaintiff, Carana, Inc., d/b/a/ Carmen Chirino Boutique, brings this diversity action against Defendants, Jovani Fashions, Ltd. ("Jovani"); Abraham Maslavi, Maslavi's wife and their conjugal partnership (the "Maslavi Defendants"); and unknown individuals, insurance companies, and corporations. Docket No. 1. Plaintiff seeks damages for violations of Puerto Rico law arising from the alleged termination of a distribution relationship. Id. Defendants move for a transfer of venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Docket No. 12. The Maslavi Defendants also move to dismiss the complaint for failure to state a claim against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 11.

**I.**

**Factual and Procedural Synopsis**

We derive the following relevant facts from the parties' filings. Docket Nos. 1, 10, 12, 14. In deciding Defendants' motion

to dismiss, we assume all the allegations in Plaintiff's complaint, Docket No. 1, to be true and make all reasonable inferences in its favor. Alternative Energy, Inc. v. St. Paul Fire & Marine Ins., Co., 267 F.3d 30, 36 (1st Cir. 2001).

Plaintiff is a clothing boutique located in Puerto Rico. Jovani, incorporated and with its principal place of business in New York, designs and manufactures high-end women's formalwear. Maslavi is the president of Jovani. Jovani entered into an agreement with Plaintiff, whereby Jovani would sell its products to Plaintiff to the exclusion of all other buyers or distributors in Puerto Rico. Jovani terminated the sales agreement in May 2007 and offered to continue in a non-exclusive sales arrangement with Plaintiff thereafter. Plaintiff alleges that during the course of the exclusive sales arrangement, Defendants sold Jovani products to Plaintiff's competitors in Puerto Rico, and thereafter terminated the agreement without just cause.

Plaintiff filed the present complaint in the District of Puerto Rico on December 26, 2007. Docket No. 1. Jovani filed a complaint for breach of contract under New York law in the Supreme Court of New York, County of New York, on January 18, 2008. See Jovani, Ltd. v. Carana, Inc., No. 08-2985 (S.D.N.Y. filed March 24, 2008). Carana removed the New York case to the United States District Court for the Southern District of New York on March 24, 2008. Id. On May 9, 2008, Carana moved to transfer the New York case to the District of Puerto Rico; this motion was denied without

prejudice and the issue appears to remain pending before that court, subject to discovery. See id. The Maslavi Defendants moved to dismiss on May 16, 2008. Docket No. 11. That motion is unopposed. All Defendants brought the present motion to transfer venue on June 11, 2008, Docket No. 12. Plaintiff opposed the transfer of venue on June 20, 2008. Docket No. 14.

## II.

### Motion to Transfer Venue

Defendants argue that venue should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Docket No. 12.

Under § 1404(a), we may "transfer any civil action to any other district or division where it might have been brought" for "the convenience of [the] parties and witnesses." 28 U.S.C. § 1404(a). "In addition to the convenience of parties and witnesses, the factors to be considered by the court include the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (citing Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987)). When "identical actions are proceeding concurrently in two federal courts," a court should generally give preference to the venue of the action filed first. Id.; accord TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996) ("Where the overlap between the two suits is nearly complete, the usual practice is for

Civil No. 07-2230 (JAF)                                                -4-

the court that first had jurisdiction to resolve the issues and the other court to defer."). Because there is a strong presumption in favor of the plaintiff's forum choice, the burden of proof on these factors rests with the party seeking transfer. Coady, 223 F.3d at 11 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

Defendants have failed to meet their burden of proof on this issue. The thrust of Defendants' argument is that Defendants have no interests in Puerto Rico and would be inconvenienced by litigation in Puerto Rico by having to hire counsel here and travel here. See Docket No. 12. However, Defendants made themselves subject to suit in Puerto Rico by entering into a sales agreement with a Puerto Rican business. Moreover, Defendants have not identified any documents or non-party witnesses that would be unavailable in Puerto Rico. Finally, and perhaps most importantly, we note the existence of the nearly identical suit currently pending in the Southern District of New York, which involves the same parties and the same underlying sales agreement. See Jovani, Ltd. v. Carana, Inc., No. 08-2985 (S.D.N.Y. filed March 24, 2008). That action was filed after the present action; the District of Puerto Rico is, thus, the preferred venue based on order of filing. See Coady, 223 F.3d at 11; TPM Holdings, 91 F.3d at 4. Defendants have presented no other reasons for us to disturb Plaintiff's choice of forum. Accordingly, we deny Defendants' motion to transfer venue, Docket No. 12.

**III.**

**Motion to Dismiss**

The Maslavi Defendants move to dismiss the complaint for Plaintiff's failure to state a claim against Maslavi in his personal capacity, Maslavi's wife, and their conjugal partnership. Docket No. 11. The motion is unopposed.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against him, based solely on the pleadings, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under our liberal pleading standards, a plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and need only give the respondent fair notice of the nature of the claim and petitioner's basis for it. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-15 (2002). We note that, in order to survive a motion to dismiss, a plaintiff must allege facts that demonstrate "a plausible entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1967 (2007)).

In addition to Jovani, the complaint names Maslavi as a defendant in both his personal capacity and his official capacity as Jovani's president. Docket No. 1. The complaint also names Maslavi's wife and their conjugal partnership. Id. The Maslavi Defendants assert that Plaintiff has failed to allege any facts entitling it to relief from Maslavi in his personal capacity,

Maslavi's wife, or their conjugal partnership. Docket No. 12. However, the complaint explicitly alleges facts indicating that all Defendants are responsible for the breach and resulting damages. See Docket No. 1. Furthermore, the Maslavi Defendants point us to no rule foreclosing the potential liability of Maslavi in his personal capacity, Maslavi's wife, and their conjugal partnership in the context of Plaintiff's claims. See Docket No. 12. The Maslavi Defendants may revisit these issues at the summary judgment stage, if appropriate, once the parties have had the benefit of discovery. Given the Federal Rules' liberal pleading standards, however, we find that dismissal is inappropriate at this time.

**IV.**

**Conclusion**

For the foregoing reasons, we **DENY** Defendants' motion to transfer venue, Docket No. 12, and **DENY** the Maslavi Defendants' motion to dismiss, Docket No. 11.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of February, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge