|                                                      |                          |
|------------------------------------------------------|--------------------------|
| UNITED STATES DISTRICT COURT                         |                          |
| DISTRICT OF PUERTO RICO                              |                          |
| CARANA, INC., D/B/A/ CARMEN CHIRINO BOUTIQUE,        |                          |
| Plaintiff,                                           | Civil No. 07-2230 (JAF)  |
| v.                                                   |                          |
| JOVANI FASHION, LTD., et al.,                        |                          |
| Defendants.                                          |                          |

**O R D E R**

This matter is before the court on Defendants' Motion in Limine, Docket Document No. 64, addressed during the course of the ongoing trial and while the court received the testimony of Plaintiff's financial expert, CPA Jorge Rodríguez, in the nature of an offer of proof outside the presence of the jury, to determine reliability and admissibility of the testimony.

We find that the only measure of damages applicable to the facts of this case is, alternatively, that provided by the Puerto Rico Dealers' Act ("Law 75"), 10 L.P.R.A. § 278b, or by the Puerto Rico Sales Representatives Act, 10 L.P.R.A. §§ 279c and 279d. If the plaintiff corporation is deemed to be a "dealer" under Law 75, damages must be calculated based on the following factors:

    (a) The actual value of the amount expended by the dealer in the acquisition and fitting of premises, equipment, installations, furniture and utensils, to the extent that these are not easily and reasonably useful to any other activity in which the dealer is normally engaged.

        (b)    The cost of the goods, parts, pieces, accessories and utensils that the dealer may have in stock, and from whose sale or exploitation he is unable to benefit.

        (c)    The good will of the business, or such part thereof attributable to the distribution of the merchandise or to the rendering of the pertinent services, said good will to be determined by taking into consideration the following factors:
            (1) Number of years the dealer has had charge of the distribution;
            (2) actual volume of the distribution of the merchandise or the rendering of the pertinent services and the proportion it represents in the dealer's business;
            (3) proportion of the Puerto Rican market said volume represents;
            (4) any other factor that may help establish equitably the amount of said good will.

        (d)    The amount of the profit obtained in the distribution of the merchandise or in the rendering of the services, as the case may be, during the last five years, or if less than five, five times the average of the annual profit obtained during the last years, whatever they may be.

10 L.P.R.A. § 278b.

If the Plaintiff corporation is deemed to be a sales representative, damages must be calculated taking into account the following factors:

        (a)    The actual value of all investments and expenses incurred by the sales representative in the performance of his duties, to the extent in which they are not easily and reasonably used for some other activity in which the sales representative is regularly engaged.

        (b)    The good will of the business, or the part thereof attributable to the representation of the merchandise or rendering of the

Civil No. 07-2230 (JAF)                                                        -3-

>           services in question, to be determined
>           taking into account the following terms:
>           (1) The number of years that the sales
>           representative has been in charge of
>           the representation;
>           (2) the present volume of the
>           representation of the merchandise or the
>           rendering of the services in question and
>           the proportion it represents in the
>           business;
>           (3) the Puerto Rican market share
>           represented by said volume;
>           (4) any other factor that may equitably
>           help to establish the amount of said good
>           will.

10 L.P.R.A. § 279c.

In the case of a sales representative, an alternative compensation is provided by 10 L.P.R.A. § 279d which shall not be greater than five percent of the total sales volume of the product or service rendered for the years in which the sales representation was in the hands of the local representative, as long as the other conditions contemplated in Section 279d are met.

In this case, the evidence received by the jury would allow a reasonable factfinder to conclude that from on or about late 1977 to early January 2004, the relationship between Carana and Jovani only provided for Carana to purchase exclusive items of women's apparel on a C.O.D. basis with Jovani's commitment that it would not sell the same style to other local retail stores. The evidence, seen in the light most favorable to Plaintiff, may allow a jury to conclude that in January 2004, Jovani granted exclusive sales rights of any product in their apparel lines to Carana.  The sales would continue to be on

Civil No. 07-2230 (JAF)                                                    -4-

a C.O.D. basis, there being no quotas to be met and no obligation to purchase any particular item.  Carana would only purchase at the trade shows those items of exclusive clothing that it chose to sell at its retail store in the Puerto Rico market.

If the jury finds that there was no just cause for the termination of the dealership or the sales representation, as the case may be, then the issue of damages becomes relevant.

Regarding the testimony of the expert, we first find that said testimony is very difficult to understand in its basis and logic. Actually, the testimony that the court heard from Mr. Rodríguez made no sense to the court and will not make any sense to a jury. It is based in part on a "Normalization of Income Statements from the Years 2004 to 2006" which was not part of the expert report. Testimony regarding "normalization" of income statements will not be allowed.

The court finds that the testimony of Mr. Rodríguez on the loss of good will is unreliable and, thus, inadmissible at trial. There is no factual and reliable basis for an award of good will and loss of business reputation of the retail store operated by Plaintiff. The analysis that Mr. Rodríguez has made of good will fails to conform to the strict requirements of the Dealers' Act and the Sales Representatives Act.  The expert failed to account for the fact that Carana reported lost profits for a number of the relevant years.  The corporation's accounting system never documented the particulars of sales and expenditures relevant to the Jovani line of garments. There

is no evidence of investment in promotion and advertising to create, develop or enhance a market for Jovani garments in this jurisdiction. There is no evidence that Plaintiff had created any good will for the Jovani brand that did not exist independently from Jovani's promotional efforts. The reputation and customer acceptance of the Jovani brand has been developed exclusively by Defendants at the national level.

Furthermore, Plaintiff's expert has given no consideration to factors required by Law 75 in matters of good will calculation. The expert failed to properly define the market where the product competes and the total value of the Puerto Rico market, in order to determine the proportion of the market represented by the Jovani line of products. As stated, Carana reported a loss in its operations from 2004 to 2006, making the good-will calculation speculative and unreliable.

Lastly, we note that the expert's testimony must conform to the evidence already presented at trial. The rent expense of $10,362 proposed by the expert fails to consider that the space in question is part of an ongoing retail business where other garment lines are being actively sold. The inventory value of $101,261 has been calculated under the false premise that the Jovani garments have no resale value, a premise that is totally false. The loss-of-income figure of $331,501 fails to account for the fact that the exclusive representation lasted, at the most, from January 2004 to April 2007

and that, for the period, the plaintiff corporation reported operational losses of $29,867 in 2004, $41,973 in 2005, and $10,679 in 2006. Curiously, the year 2007, where it is claimed that Plaintiff lost the Jovani line, was the first relevant year where a profit of $21,637 was reported.

For these reasons, and for the other reasons stated in the motion in limine, the court will restrict the testimony of the expert to evidence and calculations that have the support of the record developed if they are in strict compliance with the Dealers' Act and the Sales Representatives Act for the purposes of an assessment of damages. Otherwise, the testimony of the expert will be excluded.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of May, 2009.

                                                                                   s/José Antonio Fusté  
                                                                                   JOSE ANTONIO FUSTE  
                                                                                   Chief U.S. District Judge